In the United States District Court
for the Western District of Michigan

Ryan Blake Throneberry
PLAINTIFF,

v.

Kyle Butler; Jack Dieters;
Fredrick Straubel; Chelsea
Kasul; the Ionia County
Sheriff's Office; Robert Dow II;
REED & HOPPES TOWING &
RECOVERY; and Bob Hoppes II;
individually, in their personal and
professional capacities.

DEFENDANT.

COMPLAINT

Civil Action No.

1:21-cv-903
Hon. Sally J. Berens
US Magistrate Judge

FILED - GR
October 25, 2021 1:29 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jm /     Scanned: JW 10-26

Plaintiff, Ryan Blake Throneberry, pro se, for his complaint states as follows:

I. JURISDICTION & VENUE

1) This is a civil action brought pursuant to 42 USC §§ 1983 and 1985, for deprivation of rights under color of state law and conspiracy to deprive.

2) This Court has jurisdiction in this matter pursuant to 28 USC § 1331.

3) This Court has supplemental jurisdiction over any state law claims that may arise pursuant to 28 USC § 1367.

1

I. JURISDICTION & VENUE (cont.)

4) Venue properly lies in this District pursuant to 28 USC §1391(b)(1) and (2), because the events giving rise to this action occured in the county of Ionia, Michigan, which lies in the Western District of the State.

II PLAINTIFF

5) Name: Ryan Blake Throneberry
Address: 133 W. Adams St., Ionia, MI 48846

III DEFENDANTS

6) Defendant #1: Kyle Butler
Position/Title: Ionia County District Attorney
Address: 100 W. Main St., Ionia, MI 48846
Personal/Professional Capacity: BOTH

7) Defendant #2: Jack Pieters
Place of Employment: Ionia Co. Sheriff's Office
Position/Title: Lieutenant
Address: 133 W. Adams St., Ionia, MI 48846

2

III. DEFENDANTS (cont.)

Personal/Professional Capacity: BOTH

8) Defendant #3: Fredrick Straubel
Place of Employment: Ionia Co. Sheriff's Office
Position/Title: Sergeant
Address: 133 W. Adams St., Ionia, MI 48846
Personal/Professional Capacity: BOTH

9) Defendant #4: Chelsea Kasul
Place of Employment: Ionia Co. Sheriff's Office
Position/Title: Deputy Detective
Address: 133 W. Adams St., Ionia, MI 48846
Personal/Professional Capacity: BOTH

10) Defendant #5: Ionia Co. Sheriff's Office
Address: 133 W. Adams St., Ionia, MI 48846
Personal/Professional Capacity: BOTH

11) Defendant #6: Robert Dow II
Place of Employment: FOB-MSP Lakeview Post
Position/Title: Michigan State Police - Trooper
Address: 10300 Howard City-Edmore Rd., Lakeview, MI 48850
Personal/Professional Capacity: BOTH

III. DEFENDANTS (cont.)

12) Defendant #7: REED & HOPPES TOWING & RECOVERY
Address: 2061 E GRAND RIVER AVE, PORTLAND, MI
Personal or Professional Capacity: PROFESSIONAL

13) Defendant #8: BOB HOPPES, II
Place of Business: REED & HOPPES (and others)
Position/Title: OWNER
Address:
Personal/Professional Capacity: BOTH

IV. STATEMENT OF FACT

14) On 28 July, 2021, at approx. 1045 AM, a call went out to Ionia Co. Emergency Dispatch regarding a possible Domestic Assault.

15) There were two callers regarding the alleged incident, the female was identified as one Carrianne Marie Vaughn, henceforth referred to as C. Vaughn, and the male caller was identified as the Plaintiff, Ryan Blake Throneberry.

16) Contact was first made with Plaintiff at the Super 8 Motel located at 7245 S. State

4

IV. STATEMENT OF FACT (cont.)

Rd. Ionia, MI 48846. First Deputies to make contact were Defendants Chelsea Kasul, and Jack Pieters of the Ionia County Sheriff's Office.

17) Defendant Robert Dow, II of the Michigan State Police was next on scene, followed by Defendant Fredrick Straubel of the Ionia Co. Sheriff's Office.

18) Defendants Kasul & Pieters began the interview with Mr. Throneberry, who was visibly upset and in a manic state of mind. Mr. Throneberry has numerous mental health issues including Bipolar Disorder and Post Traumatic Stress Disorder. Defendant Straubel joined the interview once he arrived on scene just moments later.

19) Mr. Throneberry informed officers that he had been assaulted by C. Vaughn. Plantiff's claim was verified by C. Vaughn's own admission in both the 911 call and in her interview w/ Defendant Kasul.

5

## IV. STATEMENT OF FACT (Cont.)

20) Mr. Throneberry told officers that he had not touched C. Vaughn, and at no time did his story of events change or alter in any way.

21) Defendant Kasul interviewed C. Vaughn, and C. Vaughn alleged Plaintiff punched her in the spine with enough force to knock her to the ground. C. Vaughn also stated that she started the altercation by slapping Mr. Throneberry, and that she was the aggressor.

22) Defendant Pieters allegedly conducted an interview of Gordon Skidmore, henceforth referred to as G. Skidmore, who was also present at the scene of the alleged incident. For some reason unbeknownst to Plaintiff, there is no recording of this interview, nor was there a written statement of G. Skidmore.

23) G. Skidmore told Plaintiff in a recorded conversation that he had informed deputies C. Vaughn had slapped Plaintiff and that Plaintiff had lost his balance and fell.

6

IV. STATEMENT OF FACT (cont.)

24) Mr. Skidmore also alleged in this phone call that he supplied false testimony at the preliminary exam of Mr. Throneberry because the prosecuting attorney, Kyle Butler, threatened to have Mr. Skidmore arrested if he refused to go along with Mr. Butler's narrative of the events in question.

25) Mr. Throneberry was arrested for Domestic Assault, although he was the victim of an Assault himself, admitted to by the assaulter C. Vaughn, though she was never arrested or charged.

26) On 8/23/21, at the preliminary exam of Mr. Throneberry, C. Vaughn admitted under oath to assaulting Mr. Throneberry, and to being the aggressor.

27) On 8/23/21, at the preliminary exam of Mr. Throneberry, Defendant Kasul testified that Mr. Throneberry was arrested because he denied touching C. Vaughn; and C. Vaughn and allegedly G.

7

## IV. STATEMENT OF FACT (cont.)

Skidmore stated to police that Mr. Throneberry punched C. Vaughn in the back. Mrs. Throneberry informed the police it was a lie, and Mr. Throneberry was arrested because he would not give false testimony to the police incriminating himself.

28.) When confronted by Mr. Throneberry, Defendant Butler refused to answer why C. Vaughn was not arrested or charged after numerous admissions to assaulting Mr. Throneberry. He went on record later saying Mr. Throneberry being assaulted was inconsequential, that it was pretty much irrelevant, quoting a differential in size and attempting to shield himself behind prosecutorial discretion.

29.) After Mr. Throneberry's incarceration, C. Vaughn fraudulently obtained Mr. Throneberry's 02 Trailblazer by pretending to be his significant other, along with all the property inside, valued in excess of $15,000.00. Mr. Throneberry reported his property stolen approx. 9/11/21.

30.) The report was taken at the Ionia County Jail by Detective Chelsea Losey.

IV. STATEMENT OF FACT (cont.)

31) Detective Kasul located C. Vaughn and conducted an interview in which C. Vaughn admitted that she had taken Mr. Throneberry's property from the garage, but alleged a man named "Jesse" took the vehicle and property to "store" it for Mr. Throneberry.

32) Detective Kasul then returned to the Ionia Co. Jail and spoke with Mr. Throneberry, asked about the man named "Jesse" to which Mr. Throneberry made an ID as Jesse Alan Livingston, gave a contact number, an approx. location and vehicle description of Mr. Livingston's truck.

33) Mr. Throneberry made it abundantly clear to Detective Kasul that C. Vaughn never had authorization to do anything regarding Mr. Throneberry's property, that Mr. Throneberry's long time significant other/confidante Melisa Rogers was handling Mr. Throneberry's affairs for him, and that

9

## IV. STATEMENT OF FACT (cont.)

only M. Rogers and Mr. Throneberry's mother, Vicki Adenane, who holds a Durable Power of Attorney have any authorization regarding his property.

34) Mr. Throneberry also informed Kasul that Jesse Livingston wasn't even a friend and there was no viable reason Mr. Livingston would have Mr. Throneberry's property, and that Mr. Throneberry wanted all parties involved arrested and prosecuted to the fullest extent of the law.

35) A month passed with no arrests, Mr. Throneberry recieved no updates regarding his property. He contacted Defendant Kasul atleast 3 times during this period, and Defendant Kasul ignored his messages, and on 10/14/2021, Defendant Kasul sent Mr. Throneberry a Message stating that Mr. Throneberry's vehicle had been recovered but herself and whomever else made a call to have it impounded.

10

## IV. STATEMENT OF FACT (cont.)

36) Plaintiff's vehicle was impounded at Reed & Hoppes, which is owned by Bob Hoppes, whom holds a contract with Ionia Co. Sheriff's Office.

37) There has been ongoing animosity between Plaintiff and Defendants REED & HOPPES, and Bob Hoppes, II, since approx. May of 2021, when Plaintiff started refusing service to all of REED & HOPPES' Drivers, in response to REED & HOPPES' refusal to move a car that Plaintiff had purchased.

38) The animosities grew deeper after a verbal confrontation between Bob Hoppes, II, and Plaintiff.

39) Defendant Bob Hoppes knows that the Blue '02 Chevrolet Trailblazer LT that Defendants KASUL & Ionia County Sheriff's Office has impounded belongs to the Plaintiff. Defendant Hoppes has seen Plaintiff with the

11

IV. STATEMENT OF FACTS (cont.)

the vehicle on numerous occasions over the last 6 Months since Plaintiff purchased the vehicle. This vehicle is distinct due to the damage to the vehicle, so its unmistakable.

40) Defendant Hoppes and Defendant Reed & Hoppes refuse to release Plaintiff's vehicle, unless Plaintiff produces a title in his name, which they know is impossible due to Plaintiff being in jail, and the title was never changed over because Plaintiff hadn't been able to get into the Mich. Secretary of State due to Covid-19. Plaintiff had an appointment scheduled in September to complete the registration process and get a license plate.

41) Defendant Kasul had no reason to impound the vehicle. Plaintiff made it very clear he wanted all his property turned over to Melissa Rogers, his longtime significant other.

## V. LEGAL CLAIMS

42) Mr. Throneberry feels the combined actions of the defendants as a whole establishes a conspiracy to deprive him of his rights in violation of 42 USC §1985.

43) Mr. Throneberry feels the actions of the defendants, especially Mr. Butler, violates his rights under U.S. Const. Amend I, in denying access to the court for redress of grievances; U.S. Const. Amend. XIV, in denying Equal Protection of the Laws by refusing prosecution of C. Vaughn after she made numerous admissions that she assaulted Mr. Throneberry, and made admission to being the aggressor; arresting and charging Mr. Throneberry with a crime with no physical evidence or admission; and stating on record that C. Vaughn's admitted assault on Mr. Throneberry was inconsequential, that it didn't matter.

44) Mr. Throneberry also feels he was subjected to unreasonable siezure of his property, albeit indirectly, in the defendants blatant refusal to remedy the theft of his property by C. Vaughn &

## V. LEGAL CLAIMS

J. Livingston, which was solely in their authority to do so.

45) Plaintiff feels he was deprived of his property without due process of law. His property was unlawfully seized by ICSO, though no arrests were made.

## VI. PRAYER FOR RELIEF

Wherefore Plaintiff Ryan Blake Throneberry prays this Court enter judgement in the form of:

46) A declaration that the defendant's actions did in fact constitute a violation of Plaintiff's rights.

47) Compensatory Damages in the amount of $60,000.00, individually, against each defendant.

P. Nominal Damages in the amount of $1.00.

48) Punitive Damages in the amount of $100,000.00 individually, against each defendant.

14

## VI. PRAYER FOR RELIEF (cont.)

49) A preliminary injunction against the defendants including the Ionia County Jail (part of Ionia County Sheriff's Office) ordering that they must provide Plaintiff access to the same resources an attorney would have, and a minimum of access to law library material for 8 hours per week.

50) Recovery of all fees and costs incurred by the Plaintiff in this action.

51) Any other forms of relief this Court deems appropriate.

Respectfully Submitted,

Date: 10/17/21       Ryan Blake Throneberry/rbt

x [signature]

133 W. Adams St.
Ionia, MI 48846

## VERIFICATION

By my signature below, I swear the foregoing instrument is both true and correct, to the best of my knowledge.       Ryan B. Throneberry/rbt

Date: 10/17/21       x [signature]

15



Ryan Throneberry
133 W. Adams St.
Ionia, MI 48846

