UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN THRONEBERRY,

        Plaintiff,                                    Hon. Hala Y. Jarbou

v.                                                Case No. 1:21-cv-903

KYLE BUTLER, et al.,

        Defendants.
_____/

**AMENDED REPORT AND RECOMMENDATION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Ryan Throneberry, a former Michigan prisoner. Following review of Throneberry's amended complaint pursuant to the Prisoner Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), his remaining claims are: (1) a selective prosecution claim against Defendant Ionia County Prosecuting Attorney Kyle Butler; (2) Fourteenth Amendment equal protection claims against Defendants Ionia County Sheriff's Detective Deputy Chelsea Kasul, Sergeant Fredrick Straubel, and Lieutenant Pieters; and (3) a municipal liability claim against Ionia County pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

Now before me is Defendants' Motion for Summary Judgment. (ECF No. 42.) Throneberry has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and **enter judgment with prejudice** for Defendants.

---

[1] Although Throneberry is proceeding pro se, he is still expected to comply with applicable court rules, including those relating to briefing of dispositive motions. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented

## I. Background

On July 28, 2021, Carrianne Vaughn called the police to report a domestic assault by Throneberry. Vaughn and Throneberry had previously had a sexual relationship, but Vaughn had recently ended it and told Throneberry that she only wanted to be friends. (ECF No. 42-8 at PageID.312–13, 326.) The incident occurred on property owned by their mutual friend, Gordon Skidmore. (*Id.* at PageID.314.) That morning, while Vaughn was sitting in her car in Skidmore's driveway eating her breakfast, Throneberry approached her in an agitated state and began yelling at her. While Throneberry was speaking, Vaughn exited her car and engaged Throneberry in the argument. (*Id.* at PageID.327, 331.) As they moved into the street, Throneberry told Vaughn, "I will slice your throat, bitch." (*Id.* at PageID.315.) Vaughn reached to smack or slap Throneberry's face, but instead, only brushed or grazed him. (*Id.* at PageID.315, 318.) She then turned around with her hands in the air and began to walk away. Throneberry, who is 6'8" and approximately 370 pounds, ran after Vaughn and punched her in the back, causing her to stumble. (*Id.* at PageID.315, 318, 320, 333, 338.)

Defendant Kasul responded to the call and located Throneberry standing outside the Super 8 Motel. Kasul confirmed Throneberry's identity, but due to Throneberry's size and his agitated state, she decided to wait for backup before questioning him. (*Id.* at PageID.347.) After Defendant Pieters arrived, Kasul and Pieters interviewed Throneberry. Throneberry told them that he and Vaughn had argued and that Vaughn had slapped him in the face. He admitted threatening Vaughn, but denied punching her. (ECF No. 42-4 at PageID.278; ECF No. 42-8 at PageID.351.) Kasul and Pieters then interviewed Vaughn and Skidmore at Skidmore's property. Vaughn told Kasul that

---

by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

Throneberry had threatened to slit her throat and that she had brushed him with the back of her hand when she threw her hands up. She also said that after she turned and walked away, Throneberry punched her in the back. (ECF No. 42-4 at PageID.278; ECF No. 42-8 at PageID.348.) Pieters interviewed Skidmore, who confirmed Vaugh's version of the incident. (ECF No. 42-4 at PageID.280.)

Kasul and Pieters returned to the motel, where they found Defendant Straubel interviewing Throneberry. During this exchange Throneberry admitted that he was a methamphetamine user and had used meth the prior day. The officers arrested Throneberry for domestic assault based on the information they had obtained. (*Id.* at PageID.279.) During a search incident to the arrest, Throneberry admitted that he possessed a boxcutter. (*Id.*; ECF No. 42-8 at PageID.348–49.) Defendant Kasul submitted a warrant request for domestic violence charges against Throneberry. (ECF No. 42-2 at PageID.269.) Defendant Butler authorized charges for domestic violence, third offense, and habitual offender, third offense. (*Id.* at PageID.270–71.) Defendant Kasul swore out the warrant. (ECF No. 42-7.)

Because Throneberry wanted Vaughn arrested and charged for hitting him, Defendant Kasul submitted a warrant request for misdemeanor domestic violence charges against Vaughn. (ECF No. 42-3.) However, the prosecutor's office denied the warrant based on its finding that Throneberry was the aggressor. (*Id.*)

Following a preliminary examination on August 23, 2021, the district court judge found probable cause for the charges and bound Throneberry over to circuit court. (ECF No. 42-8.) During the criminal case, Throneberry fired his attorney and, representing himself, filed various motions, including a motion to dismiss arguing, in part, that the prosecutor abused his discretion in filing gender-based charges against him and that Defendants Kasul and Pieters committed

3

selective enforcement in arresting him, in violation of his equal protection rights. (ECF No. 23-1; ECF No. 23-2 at PageID.162–67; ECF No. 23-3 at PageID.175–78; ECF No. 23-4 at PageID.187.) The court heard argument on the motion on two occasions. (ECF No. 42-10 at PageID.388–401; ECF No. 42-11 at PageID.415–21.) In connection with his motion, Throneberry presented evidence of another incident on December 21, 2021, between Vaughn and Skidmore, in which Skidmore alleged that Vaughn had stabbed him in the face with a pair of tweezers and Skidmore had pushed Vaughn to the ground. (ECF No. 42-5; ECF No. 42-11 at PageID.416–17.) Deputy Austin Granger was the primary investigating officer, although Defendant Straubel had arrived at the scene to assist. (ECF No. 42-5 at PageID.288.) The prosecutor declined to charge Vaughn due to insufficient evidence. (ECF No. 42-6.) Throneberry argued that the decision not to prosecute supported his selective prosecution claim. (ECF No. 42-11 at PageID.417.) The state court denied the motion. (*Id.* at 417–18.)

On March 15, 2022, Throneberry pleaded no contest to domestic violence, second offense, a one-year misdemeanor. (ECF No. 42-9 at PageID.371–74.) The court used the transcript of the preliminary examination testimony to establish the factual basis for the plea. (*Id.* at PageID.374.) The court imposed a sentence of one year imprisonment with 230 days credit for time served. (ECF No. 23-6.) Throneberry was released from jail during the pendency of this action. (ECF No. 23 at PageID.156.) He has not appealed his conviction, nor has it otherwise been invalidated or overturned. (ECF No. 42-12 at PageID.429.)

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

### III. Discussion

#### A.    Throneberry's Claims are Barred by Collateral Estoppel[2]

Defendants contend that Throneberry's claims are barred by collateral estoppel. I find this argument persuasive. "Federal courts must give the same preclusive effect to a state-court

---

[2] Defendants separately contend that Throneberry's claims are barred by the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). A state prisoner may assert a Section 1983 claim for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" only if he shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The Sixth Circuit has held that *Heck*'s favorable termination requirement cannot be imposed against a plaintiff who was never "in custody" or received a sentence that was so short that he could not have filed a habeas petition. *See Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 601 (6th Cir. 2007). The plaintiff in *Powers* was imprisoned on a misdemeanor "for at least one, but not more than thirty, days." *Id.* at

5

judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Because the state-court proceedings occurred in Michigan, this Court applies Michigan law. In Michigan, collateral estoppel has three elements: (1) a question of fact or law essential to the judgment was actually litigated and determined by a valid and final judgment; (2) the parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. *See Storey v. Meijer, Inc.*, 431 Mich. 368, 373 n.3 (1988). An issue is "actually litigated" if the party opposing estoppel "had a full and fair opportunity to litigate the issue." *People v. Gates*, 434 Mich. 146, 156–57 (1990). Moreover, Michigan courts have held that mutuality is not required when collateral estoppel is used defensively. *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 691–92 (2004). Michigan courts also permit "'crossover estoppel,' which precludes the relitigation of an issue from a criminal proceeding in a subsequent civil proceeding, and vice versa." *Peterson v. Heymes*, 931 F.3d 546, 554 (6th Cir. 2019) (citing *Barrow v. Pritchard*, 235 Mich. App. 478, 481 (1999)).

     Here, all of the requirements of collateral estoppel are satisfied. First, Throneberry specifically raised the issue of selective prosecution/enforcement in his motion to dismiss that he

---

603. The court reasoned that because there was "no way that Powers could have obtained habeas review of his incarceration," *Heck*'s favorable-termination requirement could not be deployed to foreclose the plaintiff's Section 1983 claim. *Id.* District courts within the Sixth Circuit have applied the *Powers* exception for periods exceeding 30 days, including at least up to 60 days' incarceration. *See Kirk v. Muskingum Cnty.*, No. 2:09-cv-583, 2010 WL 3719286, at *3–4 (S.D. Ohio May 24, 2010), *report and recommendation adopted as modified*, 2010 WL 3702581 (S.D. Ohio Sept. 17, 2010). Although Throneberry has not raised the argument, I find that the present circumstances would support application of the *Powers* exception. Throneberry pled no contest and was sentenced on March 15, 2022, and it appears that he was released on May 28, 2022 (ECF No. 25 at PageID.207–08), which would leave only 74 days in which to obtain habeas review. This is simply not enough time to comply with the exhaustion requirements for a habeas petition under 28 U.S.C. § 2241. *See id.* at *4 n.2 (noting that "sixty days would not have been long enough to obtain habeas review, as Plaintiff would not have been able to meet all the habeas procedural requirements") (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)).

filed in the circuit court. He fully briefed the issue and was permitted to argue his motion at two hearings in the criminal case. Defendant Butler filed a response to the motion and presented argument to the court as well. The court denied the motion—a ruling that was necessary to allow the criminal prosecution to proceed. Because Defendants seek to use the prior ruling defensively, they need not establish mutuality of estoppel. Accordingly, Defendants are entitled to summary judgment because Throneberry's claims are barred by collateral estoppel.

### B. Throneberry Fails to Establish a Selective Enforcement Claim

To the extent that Throneberry's gender-based selective enforcement claims against Defendants Kasul, Straubel, and Pieters are not barred by collateral estoppel, those claims fail on the merits.

A selective enforcement claim arises under the Equal Protection Clause of the Fourteenth Amendment. *Whren v. United States*, 517 U.S. 806, 813 (1996). "The Supreme Court has explained that a claimant alleging selective enforcement of facially neutral criminal laws must demonstrate that the challenged law enforcement practice 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 533-34 (6th Cir. 2002) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). Selective enforcement of an otherwise valid law may be a basis for liability under Section 1983 if the plaintiff can show purposeful discrimination. To establish a selective enforcement claim, a plaintiff must show: (1) a government official singled out the plaintiff as belonging to an identifiable group for arrest, even though the same official decided not to arrest other similarly-situated persons not belonging to the identifiable group; (2) the official initiated the arrest with a discriminatory purpose in mind; and (3) the arrest had a discriminatory effect on the group to which the plaintiff belongs. *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000). Successful selective enforcement claims are rare. *See Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir.

1997) ("We believe that this is the rare case in which a plaintiff has successfully stated a claim of selective prosecution."). Moreover, "there is a strong presumption that the state actors have properly discharged their official duties, and to overcome that presumption, the plaintiff must present clear evidence to the contrary; the standard is a demanding one." *Lofties v. Elizabeth Grabel SP567*, 826 F. App'x 539, 542 (6th Cir. 2020) (internal quotation marks omitted).

First, the claim against Defendant Straubel fails because there is no indication that he was involved in any way in the decision to arrest Throneberry. To succeed on a Section 1983 claim against an individual defendant, a plaintiff must show that the defendant was personally involved in the alleged constitutional violation. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). Throneberry fails to make that showing with regard to Defendant Straubel.

As for Defendants Kasul and Pieters, Throneberry fails to present evidence that he and Vaughn were similarly situated. As set forth above, Throneberry and Vaughn provided conflicting statements, but an eyewitness (Skidmore), refuted Throneberry's version, indicating that Throneberry had not been truthful about whether he had punched Vaugh in the back as she was attempting to leave. The facts suggested that Throneberry was the aggressor because he made the initial threat to slit Vaughn's throat, and the officers determined that he had prior criminal convictions for domestic violence. Based on these circumstances, Defendants Kasul and Pieters had a reasonable basis to conclude that Throneberry and Vaughn were not "similar in all of the relevant aspects," and should be treated differently from each other. *Arendale v. City of Memphis*, 519 F.3d 587, 604 (6th Cir. 2008). Finally, as noted above, Kasul and Pieters were not involved in the December 21, 2021 incident between Vaughn and Skidmore. In short, Throneberry wholly fails to present any evidence indicating that the decision Defendants Kasul and Pieters made to arrest him was motivated by a discriminatory intent.

### C. Throneberry Fails to Establish a Valid *Monell* Claim

A municipality may not be held vicariously liable for the actions of its employees under Section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, it may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 39 (2010) (citing *Monell*, 436 U.S. at 694). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Throneberry's municipal liability claim against Ionia County fails for multiple reasons. First, to the extent that he contends Defendant Butler's charging and prosecuting decisions and actions can be attributable to a County policy or custom, this argument fails because prosecutors in Michigan are deemed to be state agents when prosecuting state criminal charges. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342–43 (6th Cir. 2009); *see also Pinkney v. Berrien Cnty.*, No. 1:21-cv-310, 2021 WL 9316105, at *3 (W.D. Mich. July 20, 2021), *aff'd*, 2022 WL 3572978 (6th Cir. Aug. 19, 2022). Second, as noted above, the state-court's finding that the arrest and charges against Throneberry were not motivated by unlawful discrimination precludes liability on the underlying claims. Because "[t]here can be no liability under *Monell* without an underlying constitutional violation," the *Monell* claim also fails. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing Scott v. Clay Cnty., 205 F.3d 867, 879 (6th Cir. 2000)); *see also Przybysz v. City of Toledo*, 746 F. App'x 480, 484 (6th Cir. 2018) ("As a threshold matter, there can be no municipal liability

under *Monell* when there is no constitutional violation"). Finally, even if Throneberry had established an underlying violation of his equal protection rights, he has presented no evidence that a County policy or custom was the driving force behind the asserted injury. It is well established that a single incident generally is not enough to show a custom. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). The December 21, 2021 incident involving Vaughn and Skidmore, along with the incident at issue in this case, are not enough to establish a policy or custom as they involved different circumstances, and the December 21, 2021 incident occurred almost four months after Throneberry's arrest. Thus, there is no basis to conclude that the County was on notice of a pattern of unlawful arrests that amounted to a policy or custom.

### IV.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' motion for summary judgment (ECF No. 42) and **enter judgment with prejudice** for Defendants.

Dated: February 24, 2023                              /s/ Sally J. Berens  
                                                                  SALLY J. BERENS  
                                                                  U.S. Magistrate Judge

### **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).